# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:13 CV 31-RLV-DSC

| | |
|---|---|
| **BERRY COLLEGE, INC.,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| **BREE BLAINE FARY, individually and in her Capacity as Trustee of the Howard M. Crawford Living Trust; DOROTHY MILLER PHARR; and ROY LANDON PHARR,** | )<br>) **MEMORANDUM AND ORDER**<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**THIS MATTER** is before the Court upon Defendants Dorothy Miller Pharr and Roy Landon Pharr's "Motion to Intervene" (document #10) filed May 17, 2013, and the parties' associated briefs and exhibits. See documents ##10, 11, 15 and 16.

The Pharr Defendants seek to intervene "solely in their capacities as co-Executors of the Estate of Elaine S. Crawford and successor co-Trustees of the Elaine S. Crawford Living Trust, dated August 4, 1997, as amended" (hereinafter "the Pharr fiduciaries").

The Court has considered Plaintiff's argument that the Pharrs, in their individual and fiduciary capacities, have identical interests and motives in this matter and therefore intervention by the Pharrs in their fiduciary capacity is duplicative and unnecessary.

There is a fundamental distinction between a person acting in his individual capacity and acting in a representative capacity on behalf of an estate or trust. Lee v. Barksdale, 83 N.C. App. 368, 377, 350 S.E.2d 508, 514 (1986) (Under North Carolina law, "an action to recover assets of an estate is properly prosecuted by the personal representative as the fiduciary responsible for the assets of the estate"). See also N.C. Gen. Stat. § 36C-8-811 ("A trustee shall take reasonable steps

to enforce claims of the trust and to defend claims against the trust"); Slaughter v. Swicegood, 162 N.C. App. 457, 464, 591 S.E.2d 577, 582 (2004) ("[t]he common law rule provides that any injury to the property placed in a trust may only be redressed by the trustee"). For this and the other reasons stated in the Pharr fiduciaries' briefs, the Court concludes that they are not adequately represented by any other party to this litigation and are entitled to intervene as a matter of right. See Fed. R. Civ. P. 24(a)(2); Newport News Shipbuilding and Drydock Co. v. Peninsula Shipbuilders' Ass'n, 646 F.2d 117, 120 (4th Cir. 1981) (intervention of right warranted when intervenor establishes: "(1) that the motion to intervene is timely, (2) that it has an interest in the subject matter of the action, (3) disposition of the action may practically impair or impede the movant's ability to protect that interest, and (4) that interest is not adequately represented by the existing parties").

The Pharr fiduciaries are entitled to bring their proposed counterclaims and cross claims against the parties in this case. This Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367(a). Conagra Feed Co. v. Higgins, 5:00-CV78-H, 2000 WL 1448593, at *4 (W.D.N.C. Aug. 17, 2000) ("State claims are part of the same case or controversy—and are therefore properly subject to the Court's supplemental jurisdiction [under 28 U.S.C. § 1367(a)] — if they and the federal claims 'derive from a common nucleus of operative fact'").

The Pharr fiduciaries contend that once permitted to intervene, they must plead their claims against any necessary third parties who are potential beneficiaries of the Elaine S. Crawford Living Trust. See Fed. R. Civ. P. 19; Feller v. Brock, 802 F.2d 722, 729 (4th Cir.1986) ("intervention is desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process"); Dunn v. Cook, 204 N.C. App. 332, 337, 693 S.E.2d 752, 756 (2010) (holding that because non-party trust beneficiaries' interests would be affected by the adjudication of trust action, they were necessary parties). As the Pharr fiduciaries

concede, however, this issue will not become ripe until their pleading has been filed. Accordingly, the Court does not reach the issue of whether potential beneficiaries of the Elaine S. Crawford Living Trust must be joined as parties in this action.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. The Pharr fiduciaries' "Motion to Intervene" (document #10) is **GRANTED**. The Pharr fiduciaries shall file their pleading in intervention within five (5) days of this Memorandum and Order.

2. The Clerk is directed to send copies of this Memorandum and Order to the parties' counsel; and to the Honorable Richard L. Voorhees.

**SO ORDERED**.

Signed: June 17, 2013

David S. Cayer
United States Magistrate Judge