IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:13 CV 31-RLV-DSC

| | |
|---|---|
| **BERRY COLLEGE, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM AND ORDER** |
| **BREE BLAINE FARY, individually and** ) | |
| **in her Capacity as Trustee of the Howard** ) | |
| **M. Crawford Living Trust; DOROTHY** ) | |
| **MILLER PHARR; ROY LANDON** ) | |
| **PHARR, et. al.,** ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court upon the Defendant Pharr fiduciaries "Motion for Joinder of Necessary Parties" (document #19) filed June 24, 2013, and the parties' associated briefs and exhibits. See documents ##19, 21, and 25.

On June 17, 2013, the Court granted the Pharr fiduciaries' "Motion to Intervene" (document #10) and allowed them to bring counterclaims and cross claims related to the Elaine S. Crawford Living Trust against the parties in this case. See "Memorandum and Order" at 2-3 (document #17). The Court did not reach the issue of whether other potential beneficiaries of the Elaine S. Crawford Living Trust must be joined as parties in this action. Id. This Motion presents that issue and is ripe for determination.

The Pharr fiduciaries seek to join the following potential beneficiaries of the Elaine S. Crawford Living Trust: (1) Bryan C. Thompson, Ancillary Administrator of the Estate of Denby Smith Zimmerman, a North Carolina estate; (2) Roxanne Zimmerman Fus, a Maryland citizen; (3) D. David Zimmerman, II, a Maryland citizen; (4) the Winthrop University Foundation, a South Carolina non-profit corporation; and (5) Ronald H. Steelman, a North Carolina citizen.

The Court concludes that these potential beneficiaries are necessary parties to this litigation. See Fed. R. Civ. P. 19(a)(2)[1]; Dunn v. Cook, 204 N.C. App. 332, 337, 693 S.E.2d 752, 756 (2010) (holding that because non-party trust beneficiaries' interests would be affected by the adjudication of trust action, they were necessary parties).

This Court has supplemental jurisdiction over the Pharr fiduciaries' claims against these proposed parties under 28 U.S.C. § 1367(a). Conagra Feed Co. v. Higgins, 5:00-CV78-H, 2000 WL 1448593, at *4 (W.D.N.C. Aug. 17, 2000) ("State claims are part of the same case or controversy—and are therefore properly subject to the Court's supplemental jurisdiction [under 28 U.S.C. § 1367(a)] — if they and the federal claims 'derive from a common nucleus of operative fact'"). Plaintiff is a Georgia citizen. The proposed parties are citizens of Maryland, North Carolina and South Carolina. Joinder of these parties will not divest the Court of diversity of citizenship subject matter jurisdiction.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Defendant Pharr fiduciaries "Motion for Joinder of Necessary Parties" (document #19) is **GRANTED**. Defendants shall file their pleading within five (5) days of this Memorandum and Order and commence service of process on the joined parties.

2. The Clerk is directed to send copies of this Memorandum and Order to the parties' counsel; and to the Honorable Richard L. Voorhees.

---

[1] Rule 19(a) provides:
    A person ... shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

**SO ORDERED**.

Signed: July 30, 2013

David S. Cayer
United States Magistrate Judge